UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No. _____

KAREN CHEUNG (a/k/a WING TSZ CHEUNG),

    Plaintiff,

v.

SECURIS CAPITAL LIMITED (f/k/a AENEAS CAPITAL LIMITED), AENEAS MANAGEMENT LIMITED, KENRICK HENRY FOK, DARREN WANG YIP LUI, MANDY MAN LOK LUI, and AENEAS GROUP LIMITED,

    Defendants.
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, Defendants Kenrick Henry Fok, Darren Wang Yip Lui, Mandy Man Lok Lui, Securis Capital Limited f/k/a Aeneas Capital Limited, Aeneas Management Limited, and Aeneas Group Limited (collectively, "Defendants") hereby give notice of removal of the above-captioned matter from the Supreme Court of the State of New York, County of New York, Index No. 653165/2024, to this Court, and state as follows:

**I.  Procedural Background of State Court Matter**

1. On or about June 24, 2024, Plaintiff Karen Cheung (a/k/a Wing Tsz Cheung) ("Plaintiff") filed a Summons with Notice in the Supreme Court of the State of New York, County of New York, and was issued Index No. 653165/2024 (the "State Court Matter").[1] A copy of the filed Summons with Notice is attached as **Exhibit A**.

2. Plaintiff never filed a Complaint in the State Court Matter.

---

[1] Nothing herein shall be construed as a waiver of any defense of any kind.

3.  Defendants were ***never*** properly served with process based on several reasons discussed further below. Declarations from Defendants attesting to the below are attached as **Exhibits B, C, D, E, F, and G**.[2]

## II. Improper Service Because Plaintiff Never Provided a Filed Summons to Defendants

4.  Plaintiff ***never*** provided Defendants with a ***filed*** copy of the Summons with Notice. Rather, Plaintiff, through purported couriers or delivery persons in Hong Kong, simply left a copy of an ***unfiled/unsigned/no Index No.*** Summons with Notice at Defendants' purported addresses, including in their mailboxes/letterboxes.[3] In other words, Plaintiff ***never*** provided the Index No. (*i.e.*, case number) to Defendants, and therefore Defendants ***never*** received notice from Plaintiff of the State Court Matter.

5.  This fact should be undisputed based on the Affirmations from Plaintiff's two couriers/delivery persons. The six courier Affirmations collectively state that a Summons with Notice dated <u>June 23, 2024</u> was used for attempted service on all Defendants (see **Exhibit H**; docket #'s 2-7). However, the Summons with Notice was filed the next day <u>June 24, 2024</u> (see **Exhibit A**). This is crystal-clear proof that Plaintiff failed to use/serve the filed copy of the Summons and improperly used an unfiled copy.

6.  In addition, Defendants ***never*** received an additional copy of the Summons with Notice, purportedly sent on November 27, 2024, to each Defendant at his/her/its last known purported address via First Class International Mail of the United States Post Office. There are

---

[2]  Mr. Fok's Declaration is Exhibit B, Mr. Lui's Declaration is Exhibit C, Ms. Lui's is D, Securis Capital Limited's f/k/a Aeneas Capital Limited is E, Aeneas Management Limited's is F, and Aeneas Group Limited's is G.

[3]  As discussed below, Defendant Aeneas Group Limited never received from Plaintiff any Summons with Notice, whether unfiled or otherwise.

also ***no*** supporting documents regarding this purported international mailing attached as Exhibit 2 (see **Exhibit H**; docket # 28) to Plaintiff's counsel's Affirmation, which is consistent with ***no*** additional Summons ever provided to Defendants in late 2024.

7. Therefore, as of today, there has been ***no*** effective service of process on Defendants and ***no*** notice to them by Plaintiff with Index No. of the State Court Matter.

### III. Improper Service Because Plaintiff Never Signed the Summons with Notice

8. Plaintiff ***never*** provided Defendants with a ***signed*** copy of the Summons with Notice.

9. Therefore, as of today, there has been ***no*** effective service of process on Defendants and ***no*** notice to them by Plaintiff with Index No. of the State Court Matter.

### IV. Improper Service under NY CPLR § 308(1)

10. Plaintiff ***never*** personally served process on Defendants Kenrick Henry Fok, Darren Wang Yip Lui and Mandy Man Lok Lui, as required by NY CPLR § 308(1).

11. Plaintiff should admit to same, because the various Affirmations in the State Court Matter state that Plaintiff, through purported couriers or delivery persons in Hong Kong, simply left a copy of a Summons with Notice at Defendants' purported addresses, including in their mailboxes/letterboxes. In other words, Plaintiff has admitted to ***not*** personally serving Defendants.

12. Therefore, as of today, there has been ***no*** effective service of process on these Defendants and ***no*** notice to them by Plaintiff with Index No. of the State Court Matter.

### V. Improper Service under NY CPLR § 308(2)

13. Regarding Defendant Mandy Man Lok Lui, service was improper under NY CPLR § 308(2) by simply leaving the Summons with her secretary, because the additional requirements of timely mailing and timely filing proof of such service did not occur.

14. NY CPLR § 308(2) requires a plaintiff to serve: "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served **and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other**; **proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing**, whichever is effected later; service shall be complete ten days after such filing; **proof of service shall identify such person of suitable age and discretion and state the date, time and place of service**, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law." (Emphasis added).

15. It is undisputed that ***no*** mailing occurred within 20 days after the purported delivery of the Summons to Ms. Lui's secretary.

16. It is also undisputed that ***no*** proof of service was filed in the State Court Matter within 20 days of the latter of delivery or mailing occurring, nor could it because ***no*** initial mailing occurred within 20 days.

17. In addition, Ms. Lui ***never*** received an additional copy of the Summons with Notice, purportedly sent on November 27, 2024, to her via First Class International Mail of the United States Post Office. Even if this mailing occurred, it would not comply with NY CPLR §

4

308(2) because it is undisputed it was purportedly mailed more than 20 days after the delivery to her secretary.

18.    Plaintiff also contends leaving the Summons with Notice in a letterbox at the address of Flat C, 24th Floor, Block 2, Scenecliff, Mid-levels, Hong Kong.  However, Ms. Lui has not lived there for more than two (2) years.

19.    Therefore, as of today, there has been **_no_** effective service of process on Ms. Lui and **_no_** notice to her by Plaintiff with Index No. of the State Court Matter.

**VI.  No Service under NY CPLR § 308(3)**

20.     NY CPLR § 308(3) requires a plaintiff to serve: "by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law."

21.    It appears that Plaintiff is not relying on this section and therefore it does not apply here.

**VII. Improper Service under NY CPLR § 308(4)**

22.    NY CPLR § 308(4) requires a plaintiff  to serve: "**where service under paragraphs one and two cannot be made with due diligence**, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served **and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend 'personal and confidential' and not indicating on the outside thereof, by return address or otherwise, that**

**the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other**; **proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing**, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law." (Emphasis added).

23. Plaintiff has not attempted to establish why or how service under sections 1 and 2 of NY CPLR § 308 could not be made with due diligence.

24. In addition, and as stated above, it is undisputed that ***no*** mailing occurred within 20 days after the purported delivery of the Summons to Defendants.

25. It is also undisputed that ***no*** proof of service was filed in the State Court Matter within 20 days of the latter of delivery or mailing occurring, nor could it – ***no*** initial mailing occurred within 20 days.

26. Again, Defendants ***never*** received an additional copy of the Summons with Notice, purportedly sent on November 27, 2024, to their last known purported addresses via First Class International Mail of the United States Post Office. Even if this mailing occurred, it would not comply with NY CPLR § 308(4) because it was purportedly mailed more than 20 days after the purported delivery.

27. Therefore, as of today, there has been ***no*** effective service of process on Defendants and ***no*** notice to them by Plaintiff with Index No. of the State Court Matter.

**VIII.    Improper Service under NY CPLR § 308(5)**

28. NY CPLR § 308(5) permits a plaintiff to serve: "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section." Therefore, this section permits alternate service when traditional service is "impracticable," but the plaintiff must first file a motion and obtain a court order permitting such.

29. It appears that Plaintiff is relying on alternate service under purported Hong Kong law/procedures of simply leaving the _**unfiled/unsigned/no Index No.**_ Summons with Notice in mailboxes/letterboxes and/or at purported addresses. However, there was _**never**_ a motion filed by Plaintiff requesting to do such alternate service and obviously _**never**_ an order granting such alternate service in the State Court Matter, as required by NY CPLR § 308(5).

30. Therefore, Plaintiff's reliance on purported Hong Kong service in this New York lawsuit is improper, and consequently as of today, there has been _**no**_ effective service of process on Defendants and _**no**_ notice by Plaintiff with Index No. of the State Court Matter.

**IX.    Improper Service under NY CPLR § 311**

31. Regarding the company defendants Securis Capital Limited f/k/a Aeneas Capital Limited, Aeneas Management Limited, and Aeneas Group Limited, Plaintiff has failed to serve them properly under NY CPLR § 311(a)(1).

32. This section requires a company to be served via "an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."

33. It is undisputed that Plaintiff did not serve Securis Capital Limited f/k/a Aeneas Capital Limited, Aeneas Management Limited, and Aeneas Group Limited in this manner, because

Plaintiff contends that she, through her couriers, merely left the Summons at each company's purported office.

34. NY CPLR § 311(b) permits alternate service on companies as follows: "[i]f service upon a domestic or foreign corporation within the one hundred twenty days allowed by section three hundred six-b of this article is impracticable under paragraph one of subdivision (a) of this section or any other law, service upon the corporation may be made in such manner, and proof of service may take such form, as the court, upon motion without notice, directs."

35. Therefore, this section permits alternate service on defendant companies when traditional service is "impracticable," but the plaintiff must, again, first file a motion and obtain a court order permitting such alternate service.

36. As stated above, it appears that Plaintiff is relying on alternate service under purported Hong Kong law/procedures of simply leaving the ***unfiled/unsigned/no Index No.*** Summons with Notice at the purported address of each company. However, and again as stated above, there was ***never*** a motion requesting such or an order granting such alternate service, as required by NY CPLR § 311(b).

37. Therefore, as of today, there has been ***no*** effective service of process on Defendants Securis Capital Limited f/k/a Aeneas Capital Limited, Aeneas Management Limited, and Aeneas Group Limited and ***no*** notice to them by Plaintiff with Index No. of the State Court Matter.

38. In addition, Plaintiff never provided Defendant Aeneas Group Limited with any Summons with Notice, and therefore never even provided an unfiled copy.

39. Plaintiff contends that a Summons with Notice was delivered to the address of Unit 1306, 13th Floor, Nos. 93-103 Wing Lok Street, Sheung Wan, Hong Kong. However, this address

8

was not used by Aeneas Group Limited or any persons of Aeneas Group Limited at the time of the purported service. Therefore, it is an incorrect address for service purposes.

40. Plaintiff also contends that a Summons with Notice was delivered in the letterbox for the address of Room 1003, 10th Floor, Fu Yuen South Estate, Wong Tai Sin, Kowloon, Hong Kong. However, Aeneas Group Limited has no record or evidence of such a document ever being received.

41. Based on the above, Aeneas Group Limited never received from Plaintiff any Summons with Notice, whether unfiled or otherwise.

### X.     This Removal Is Timely

42. Based on the above, this Notice of Removal is timely under 28 U.S.C. § 1446(b), because the 30-day clock for removing has not even started ticking; again, there has been ***no*** effective service on Defendants and ***no*** proper notice by Plaintiff with Index No. of the State Court Matter.

43. Despite the fact that Plaintiff has not properly served Defendants, Defendants are proactively removing the State Court Matter to this Court, because, as discussed below, Plaintiff is now attempting to obtain a default judgment against them in the State Court Matter.

### XI.    Removal to This Court Based on Original Diversity Jurisdiction Is Appropriate under 28 U.S.C. § 1441(a)

44. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

45. Pursuant to 28 U.S.C. § 1332, original federal jurisdiction exists over this action because it is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

46. This Court is the United States District Court for the District in which the State Court Matter is pending. As such, venue is proper in this Court under 28 U.S.C. § 1441(a).

### A.   Complete Diversity of Citizenship Exists

47. Defendants Kenrick Henry Fok, Darren Wang Yip Lui, and Mandy Man Lok Lui are citizens of Hong Kong.

48. Defendants Securis Capital Limited f/k/a Aeneas Capital Limited and Aeneas Management Limited are Hong Kong corporations with a principal place of business in Hong Kong. Defendant Aeneas Group Limited is a Cayman Islands corporation with a principal place of business in Hong Kong.

49. Upon information and belief, Plaintiff is a citizen of New York.

50. Based on the above, for purposes of 28 U.S.C. § 1332 and § 1441, complete diversity of citizenship exists.

### B.   The Amount in Controversy Exceeds $75,000

51. The amount in controversy, as alleged in the Summons with Notice, exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2).

52. Specifically, Plaintiff is seeking at least $2 million in damages.

53. Therefore, the amount in controversy exceeds this Court's jurisdictional minimum amount for diversity purposes.

## XII.   Removal to This Court Based on Federal Question Jurisdiction Is Appropriate under 28 U.S.C. § 1441(a)

54.     Again, under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

55.     Pursuant to 28 U.S.C. § 1331, original federal jurisdiction exists over this action because it involves purported claims involving federal statutes, and thus includes federal questions, as listed in the Summons with Notice.

56.     For example, the Summons with Notice lists purported claims for: (i) violations of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 § U.S.C. 1961(c); (ii) conspiracy to violate RICO, 18 U.S.C. § 1961(d); (iii) fraud; (iv) breach of fiduciary duty; (v) negligent misrepresentation; (vi) unjust enrichment; (vii) civil conspiracy; and (viii) violations of the federal Securities Act of 1933, 15 § U.S.C. 77a *et. seq.*

57.     The following purported claims involve federal statues or federal questions that create federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331: (i) violations of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 § U.S.C. 1961(c); (ii) conspiracy to violate RICO, 18 U.S.C. § 1961(d); and (iii) violations of the federal Securities Act of 1933, 15 § U.S.C. 77a *et. seq. See Lichter v. Mass. Mut. Life Ins. Co.*, No. 22-CV-4488-LTS, 2024 WL 325275, at *1 (S.D.N.Y. Jan. 29, 2024) (Defendants properly removed for federal question jurisdiction under 28 U.S.C. § 1331 based on claims for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), and conspiracy to violate RICO, 18 U.S.C. § 1962(d)); *Vij v. Jhanjee*, 24-cv-1621 (LJL), 2024 WL 1521298, at *3 (S.D.N.Y. Apr. 8, 2024) ("In Plaintiff's state-court Summons, which is the relevant filing here, he

11

asserted claims for 'unfair competition arising under the 'Lanham Act' including false advertising, false designation of origin and false endorsement, as well as trademark infringement.' Dkt. No. 1-1 at 3. This invocation of federal law is plainly sufficient to confer jurisdiction on this Court.").

58.     Again, this Court is the United States District Court for the District in which the State Court Matter is pending. As such, venue is proper in this Court under 28 U.S.C. § 1441(a).

### XIII. All Other Procedural Requirements for Removal Have Been Satisfied

59.     Pursuant to 28 U.S.C. § 1446(d), Defendants will give prompt written notice to Plaintiff of filing this Notice of Removal.

60.     In addition, pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be contemporaneously filed in the State Court Matter with the Supreme Court of the State of New York, County of New York.

61.     Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is also being filed with true and correct copies of all docket entries (as of this filing) from the State Court Matter. (*See* **Exhibit H**.)

62.     As stated above, Plaintiff recently moved for a default judgment in the State Court Matter, despite the fact that ***no*** effective service of process occurred on Defendants and ***no*** proper notice was ever provided to them by Plaintiff with Index No. of the State Court Matter. Plaintiff, her counsel, and various purported Hong Kong couriers all collectively submitted many sworn Affirmations contending that (i) service was proper; and (ii) Defendants received notice of the State Court Matter's Index No. Such sworn Affirmations were patently and objectively false. Defendants reserve their rights regarding such false Affirmations in the future.

63.     In addition, Plaintiff, through her counsel, has ***not*** provided to Defendants service copies of the recently filed Notice of Motion for Default Judgment, Corrected Notice of same, the

12

Memorandum of Law on same, the many Affirmations in support of same, or any other recent filings from the State Court Matter.

64. The only likely conclusion that can be drawn here is that Plaintiff strategically planned and attempted to obtain a $2-plus million default judgment against Defendants by not properly serving process in the State Court Matter and by not providing them with service copies of the filings in the State Court Matter, including the various submissions for default judgment, while submitting many sworn Affirmations from herself, her counsel and her couriers that service occurred and was proper overseas. That is simply shocking and egregious.

65. All requirements for removal have been satisfied. Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446, removal to this Court is proper.

## XIV. Rule 11 Certification

66. Undersigned counsel hereby certify that they have read the foregoing Notice of Removal and know the contents thereof.

67. The contents are true and correct to the best of counsel's knowledge, information, and belief.

Wherefore, pursuant to 28 U.S.C.§§ 1331, 1332, 1367, 1441 and 1446, Defendants Kenrick Henry Fok, Darren Wang Yip Lui, Mandy Man Lok Lui, Securis Capital Limited f/k/a Aeneas Capital Limited, Aeneas Management Limited, and Aeneas Group Limited hereby give notice that this action has been removed from the Supreme Court of the State of New York, County of New York, Index No. 653165/2024, to this Court and for all other appropriate procedures.

| | |
|---|---|
| Dated: January 16, 2025 | SALLAH ASTARITA & COX, LLC |
| | |
| | s:/Mark J. Astarita |
| | Mark J. Astarita |
| | *Attorneys for Defendants* |
| | 11 Broadway, Suite 615 |
| | New York, New York 10004 |
| | (212) 509-6544 |
| | Direct: (973) 559-5795 |
| | mja@sallahlaw.com |
| | |
| | And |
| | *Pro Hac Vice Motion to Be Filed for:* |
| | Patrick J. Rengstl, Esq. |
| | Fla. Bar No. 0581631 |
| | SALLAH ASTARITA & COX, LLC |
| | 3010 North Military Trail, Suite 210 |
| | Boca Raton, FL 33431 |
| | Tel.: (561) 989-9080 |
| | pjr@sallahlaw.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record in the State Court Matter on the following Service List in the manner specified.

s:/Mark J. Astarita
Mark J. Astarita

**SERVICE LIST**

**Via email**

Minyao Wang
LEWIS BRISBOIS BISSGAARD & SMITH, LLP
77 Water Street, Suite 2100
New York, New York 10005
minyao.wang@lewisbrisbois.com
212.232.1300
Attorneys for Plaintiff in State Court Matter